LOEB & LOEB LLP
CHRISTOPHER OTT (SBN 235659)
cott@loeb.com
JENNIFER KAHN (SBN 336445)
jkahn@loeb.com
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067
Telephone: 310-282-2000
Facsimile: 310-282-2200

Attorneys for Defendant
INTERDENT SERVICES CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA TOMASIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERDENT SERVICES CORPORATION,<br><br>Defendant. | Case No. 1:25-cv-01732-KES-SAB<br><br>**ANSWER** |

Defendant Interdent Services Corporation ("Interdent") hereby answers Plaintiff Virginia Tomasian's ("Plaintiff") Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12 as follows:

## NATURE OF THE ACTION[1]

1. Interdent DENIES IN PART the allegations in paragraph 1 of the Complaint. Interdent admits that it owns and operates the website located at www.gentledental.interdent.com (the "Website").

2. Interdent ADMITS that it described itself as "provid[ing] practice management services to affiliated multi-specialty group dental practices in the United States," "not engag[ing]

[1] To the extent that the section headings of the Complaint contain any arguments or allegations of fact, Interdent DENIES those allegations and arguments.

in the practice of dentistry" and "enter[ing] into exclusive service agreements with these affiliated dental practices" pursuant to which it provides them with administrative, financial, and operational services in its 2006 10-K filed with the Security Exchange Commission ("SEC"). Interdent DENIES the remainder of the allegations in paragraph 2 to the extent they are inconsistent with the foregoing statement.

3. Interdent DENIES paragraph 3 as www.interdent.com and its sub-pages are not the "Website" as defined by the Complaint.

4. Interdent ADMITS that in its 2006 10-K, it states that "in exchange for [these] services, the affiliated practices . . . pay [them] a fee equal to a percentage of their revenues plus a bonus." Interdent DENIES the remainder of the allegations in paragraph 4 to the extent they are inconsistent with the foregoing statement.

5. Interdent ADMITS that in its 2006 10-K, it states "[t]he significant majority of [its] affiliated dental practices operate under the Gentle Dental® brand." Interdent DENIES the remainder of the allegations in paragraph 5 to the extent they are inconsistent with the foregoing statement.

6. Interdent ADMITS that it is a "business associate" to dental practices, to the extent that term is defined in 45 C.F.R. § 160.103 and, on that basis, is subject to HIPAA and the HIPAA Privacy Rule.

7. Interdent DENIES the allegations in paragraph 7. Interdent does not aid, employ, agree, or conspire with third parties "to intercept patients' communications." Interdent did not intentionally install these tracking technologies on the Website "to track and disclose patient activity in real time to third parties."

8. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 8.

9. Interdent DENIES IN PART and ADMITS IN PART the allegations in paragraph 9. The applicable laws speak for themselves. To the extent that Plaintiff argues those laws create liability here, Interdent DENIES the allegation.

10. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 10.

11. Interdent DENIES IN PART and ADMITS IN PART the allegations in paragraph 11. HIPAA and the CMIA speak for themselves. To the extent that Plaintiff argues that those laws create liability here, Interdent DENIES the allegations.

12. Interdent DENIES the allegations in paragraph 12.

13. Interdent DENIES the allegations in paragraph 13.

## THE PARTIES

14. Interdent DENIES that Plaintiff made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment. Furthermore, Plaintiff never made an online appointment on the Website and this allegation is knowingly false. Interdent does not have enough information to ADMIT or DENY the remainder of the allegations in paragraph 14.

15. Interdent DENIES the allegations in paragraph 15.

16. Interdent DENIES that Plaintiff made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment. Interdent does not have enough information to ADMIT or DENY the remainder of the allegations in paragraph 16.

17. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 17.

18. Interdent ADMITS that it is incorporated in the state of Washington and has its principal place of business in El Segundo, California. Interdent ADMITS that it owns and operates the Website. Interdent DENIES that the Website connects patients to approximately 175 different practices across eight states, including California.

19. Interdent DENIES the allegations in paragraph 19.

## JURISDICTION AND VENUE

20. Interdent ADMITS that this Court has subject matter jurisdiction over this action.

21. Interdent ADMITS that this Court has personal jurisdiction over it.

22. Interdent DENIES that venue is proper in this district. Interdent DENIES the factual allegations in the paragraph, including that the interception of Plaintiff's personal information occurred.

## FACTUAL ALLEGATIONS

### I. Dental-Related Health Information is Sensitive and Confidential[2]

23. Interdent DENIES the allegations in paragraph 23.

24. Interdent ADMITS that it owns and operates the Website, where patients can schedule appointments for general dental care, orthodontic care, cosmetic dental care, and specialty dental care.

25. Interdent DENIES IN PART and ADMITS IN PART the allegations in paragraph 25. Federal law speaks for itself. To the extent that Plaintiff argues that federal law creates liability here, Interdent DENIES the allegation.

26. Interdent DENIES IN PART and ADMITS IN PART the allegations in paragraph 26. The HIPAA Privacy Rule speaks for itself. To the extent that Plaintiff argues that the HIPAA Privacy Rule creates liability here, Interdent DENIES the allegation.

27. Interdent DENIES IN PART and ADMITS IN PART the allegations in paragraph 27. The HITECH Act speaks for itself. To the extent that Plaintiff argues that the HITECH Act creates liability here, Interdent DENIES the allegation.

28. Interdent DENIES IN PART and ADMITS IN PART the allegations in paragraph 28. The Privacy Rule speaks for itself. To the extent that Plaintiff argues that the Privacy Rule creates liability here, Interdent DENIES the allegation.

29. Interdent DENIES IN PART and ADMITS IN PART the allegations in paragraph 29. The Privacy Rule speaks for itself. To the extent that Plaintiff argues that the Privacy Rule creates liability here, Interdent DENIES the allegation.

30. Interdent DENIES the allegations in paragraph 30.

31. Interdent DENIES the allegations in paragraph 31.

---

[2] To the extent that any sub-headings in the Complaint contain any arguments of allegations of fact, Interdent DENIES those allegations and arguments.

32. Interdent ADMITS that health care organizations regulated by HIPAA can use third-party tracking tools in a limited way to perform analysis on data key to operations. Interdent DENIES IN PART AND ADMITS IN PART the remainder of the allegations. The HHS statement cited speaks for itself. To the extent that Plaintiff argues that the HHS statement creates liability here, Interdent DENIES the allegations.

33. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 33. The HHS Bulletin speaks for itself. To the extent that Plaintiff argues that the HHS Bullet creates liability here, Interdent DENIES the allegations.

34. Interdent DENIES the allegations in paragraph 34. Interdent DENIES that Plaintiff made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

35. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 35. The HHS Bulletin speaks for itself. To the extent that Plaintiff argues that the HHS Bulletin creates liability here, Interdent DENIES the allegations.

36. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 36. The HHS Bulletin speaks for itself. To the extent that Plaintiff argues that the HHS Bulletin creates liability here, Interdent DENIES the allegations.

37. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 37. The FTC and HHS Joint Press Release speaks for itself. To the extent that Plaintiff argues that the FTC and HHS Joint Press Release creates liability here, Interdent DENIES the allegations.

38. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 38. The FTC Statement speaks for itself. To the extent that Plaintiff argues that the FTC Statement creates liability here, Interdent DENIES the allegations.

39. Interdent DENIES the allegations.

40. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 40.

41. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 41.

42. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 42.

43. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 43.

44. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 44.

45. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 45.

46. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 46.

47. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 47.

48. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 48.

49. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 49.

50. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 50.

51. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 51.

52. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 52.

53. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 53.

54. Interdent DENIES the allegations in paragraph 54.

55. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 55.

56. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 56.

57. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 57.

58. Interdent DENIES the allegations in paragraph 58.

59. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 59.

60. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 60.

61. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 61.

62. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 62.

63. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 63.

64. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 64.

65. Interdent DENIES the allegations in paragraph 65.

66. Interdent DENIES the allegations in paragraph 66.

67. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 67.

68. Interdent DENIES that it uses AdRoll. Interdent does not have enough information to ADMIT or DENY the remainder of the allegations in paragraph 68.

69. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 69.

70. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 70.

71. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 71.

72. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 72.

73. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 73.

74. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 74.

75. Interdent DENIES that AdRoll collects any information from the Website. Interdent does not have enough information to ADMIT or DENY the remainder of the allegations in paragraph 75.

76. Interdent DENIES the allegations in paragraph 76.

77. Interdent DENIES the allegations in paragraph 77.

78. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 78.

79. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 79.

80. Interdent ADMITS the allegations in paragraph 80.

81. Interdent ADMITS the allegations in paragraph 81. The entire Joint Privacy Policy has been attached to this Answer as Appendix A. This Joint Privacy Policy "describes how health information about [a user] may be used and disclosed and how [a user] can get access to this information." In particular, the Joint Privacy Policy describes the following uses and disclosures of a user's protected health information that may be done without a user's authorization: (i) for treatment, (ii) for payment, (iii) in connection with healthcare operations, (iv) to a user or a user's personal representative, (v) to persons involved in care, (vi) to inform a user about health-related products or services, (vii) to inform a user about treatment options or

alternatives, (viii) as required by law, (ix) in responding to lawsuits or legal disputes, (x) for public health or public benefit purposes, (xi) about a decedent as authorized or required by law, (xii) to assist in disaster relief, (xiii) as required by national security, or (xiv) to provide a user with appointment reminders.

82. Interdent ADMITS the allegations in paragraph 82. The entire Privacy Policy has been attached to this Answer as Appendix B. In this Privacy Policy, Interdent states that "By visiting the Company's website, you are accepting the practices described in this Policy." These practices include: (i) Collection and Use of Personal Information; (ii) Sharing of Your Personal Information, (iii) Security of your Personal Information, (iv) California Privacy Rights, (v) Links To Other Sites, (vi) Text Messaging Policy, (vii) Children's Privacy, (viii) Changes to this Privacy Statement, (ix) Your Consent to This Policy. Of note, the Privacy Policy discloses the following practices: "We use technologies, such as 'cookies,' to collect information about the pages you view, the links you click and other actions you take on the Company's website . . . In addition, Company may collect and store information such as your device's IP address, the browser type, your location, and the URLs that are referenced in your interaction. These items may be collected and stored in order to enhance and improve the Company's website. We do not knowingly allow other parties to collect personal information about your online activities when you use our website and services." Additionally, the Privacy Policy states: "Company may share certain personal information to our affiliates to enhance their websites and services. In addition, Company may share non-personally identifiable information with select third parties for advertising purposes. Furthermore, companies that provide services to Company may have limited access to your personal information." Within the section of the Privacy Policy labeled "California Privacy Rights," the Company explains that "If you enable Do Not Track settings in the browser you are using, Company will not store or use information about any other websites you visit, other than Company's website." Near the end of the Privacy Policy, Interdent reiterates: "By using our website, you consent to this Policy. If you do not agree with this Policy, please do not use the Company's website." Interdent makes this same statement, that it "will not provide any identifiable personal information to any third party, unless authorized by [the user] or

legally required to do so" in its Terms of Use. The Terms of Use has been attached to this Answer as Appendix C. The Terms of Use explain that "[b]y accessing or browsing this website, [a user is] acknowledging and accepting these Terms of Use and agree to be bound by the terms set forth below." The Terms of Use also provide that it "shall be governed and construed in accordance with the laws of the State of Washington" and that the user "consent[s] to binding arbitration in the State of Washington to resolve any disputes arising under these Terms of Use."

83. Interdent DENIES the allegations in paragraph 83.

84. Interdent ADMITS the allegations in paragraph 84.

85. Interdent DENIES the allegations in paragraph 85.

86. Interdent DENIES the allegations in paragraph 86.

87. Interdent DENIES the allegations in paragraph 87.

88. Interdent DENIES the allegations in paragraph 88.

89. Interdent DENIES the allegations in paragraph 89.

90. Interdent DENIES the allegations in paragraph 90.

91. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 91.

92. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 92.

93. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 93.

94. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 94.

95. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 95.

96. Interdent DENIES the allegations in paragraph 96.

97. Interdent DENIES the allegations in paragraph 97.

98. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 98.

99. Interdent does not have enough information to ADMIT or DENY the allegations regarding under what circumstances patients would seek treatment with another company. Interdent DENIES the remainder of the allegations in paragraph 99.

100. Interdent DENIES the allegations in paragraph 100.

101. Interdent DENIES the allegations in paragraph 101. Interdent notes that Plaintiff has not defined the Class Period anywhere in the Complaint.

102. Interdent DENIES the allegations in paragraph 102.

103. Interdent DENIES the allegations in paragraph 103.

104. Interdent DENIES the allegations in paragraph 104.

105. Interdent DENIES the allegations in paragraph 105.

106. Interdent DENIES the allegations in paragraph 106.

107. Interdent DENIES the allegations in paragraph 107.

108. Interdent DENIES the allegations in paragraph 108.

109. Interdent DENIES the allegations in paragraph 109.

110. Interdent DENIES the allegations in paragraph 110.

## CLAIMS FOR RELIEF

## COUNT I

### Violation of the Electronic Communications Privacy Act ("ECPA") 18 U.S.C. § 2511(1) *et seq.*

111. Interdent incorporates by references its answers, denials, and other responses to the foregoing paragraphs as if set forth hereinafter.

112. Interdent DENIES the allegations in paragraph 112.

113. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 113. The ECPA speaks for itself. To the extent that Plaintiff argues that this law creates liability here, Interdent DENIES the allegations.

114. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 114. The ECPA speaks for itself. To the extent that Plaintiff argues that this law creates liability here, Interdent DENIES the allegations.

115. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 115. The ECPA speaks for itself. To the extent that Plaintiff argues that this law creates liability here, Interdent DENIES the allegations.

116. Interdent DENIES the allegations in paragraph 116. There was no transmission of Plaintiff's PII and PHI to the Website because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

117. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 117. The ECPA speaks for itself. To the extent that Plaintiff argues that this law creates liability here, Interdent DENIES the allegations. Moreover, there was no transmission of PII and PHI between Plaintiff and the Website because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

118. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 118. The ECPA speaks for itself. To the extent that Plaintiff argues that this law creates liability here, Interdent DENIES the allegations.

119. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 119. The ECPA speaks for itself. To the extent that Plaintiff argues that this law creates liability here, Interdent DENIES the allegations.

120. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 120. The ECPA speaks for itself. To the extent that Plaintiff argues that this law creates liability here, Interdent DENIES the allegations.

121. Interdent DENIES that it uses computer codes and programs to track communications on the Website. Interdent DENIES IN PART AND ADMITS IN PART the remainder of the allegations in paragraph 121. The ECPA speaks for itself. To the extent that Plaintiff argues that this law creates liability here, Interdent DENIES the allegations.

122. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 122. The ECPA speaks for itself. To the extent that Plaintiff argues that this law creates liability here, Interdent DENIES the allegations.

123. Interdent DENIES the allegations in paragraph 123.

124. Interdent DENIES the allegations in paragraph 124.

125. Interdent DENIES the allegations in paragraph 125.

126. Interdent DENIES the allegations in paragraph 126.

127. Interdent DENIES the allegations in paragraph 127.

128. Interdent DENIES the allegations in paragraph 128.

129. Interdent DENIES the allegations in paragraph 129.

130. Interdent DENIES the allegations in paragraph 130.

131. Interdent DENIES the allegations in paragraph 131.

132. Interdent DENIES the allegations in paragraph 132.

133. Interdent DENIES the allegations in paragraph 133.

134. Interdent DENIES the allegations in paragraph 134.

135. Interdent DENIES the allegations in paragraph 135.

## COUNT II
## Violation of the California Invasion of Privacy Act ("CIPA") Cal. Penal Code § 631(a)

136. Interdent incorporates by references its answers, denials, and other responses to the foregoing paragraphs as if set forth hereinafter.

137. Interdent DENIES the allegations in paragraph 137.

138. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 138. CIPA speaks for itself. To the extent that Plaintiff argues that this law creates liability here, Interdent DENIES the allegations.

139. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 139. CIPA speaks for itself. To the extent that Plaintiff argues that this law creates liability here, Interdent DENIES the allegations.

140. Interdent DENIES the allegations in paragraph 140.

141. Interdent DENIES the allegations in paragraph 141.

142. Interdent DENIES the allegations in paragraph 142. Plaintiff never made any communications to the Website because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

143. Interdent does not have enough information to ADMIT or DENY the allegations in paragraph 143.

144. Interdent DENIES the allegations in paragraph 144. Plaintiff never made any communications to the Website because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

145. Interdent DENIES the allegations in paragraph 145.

146. Interdent DENIES the allegations in paragraph 146. Plaintiff never made any communications to the Website because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

147. Interdent DENIES the allegations in paragraph 147.

## COUNT III
**Violation of the California Invasion of Privacy Act ("CIPA")**
**Cal. Penal Code § 632**

148. Interdent incorporates by references its answers, denials, and other responses to the foregoing paragraphs as if set forth hereinafter.

149. Interdent DENIES the allegations in paragraph 149.

150. Interdent DENIES IN PART AND ADMITS IN PART the allegations in paragraph 150. CIPA speaks for itself. To the extent that Plaintiff argues that this law creates liability here, Interdent DENIES the allegations.

151. Interdent DENIES the allegations in paragraph 151.

152. Interdent DENIES the allegations in paragraph 152. Plaintiff never made any communications to the Website because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

153. Interdent DENIES the allegations in paragraph 153. Plaintiff never made any communications to the Website because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

154. Interdent DENIES the allegations in paragraph 154. Plaintiff never made any communications to the Website because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

155. Interdent DENIES the allegations in paragraph 155.

## COUNT IV

### Invasion of Privacy Under California's Constitution

156. Interdent incorporates by references its answers, denials, and other responses to the foregoing paragraphs as if set forth hereinafter.

157. Interdent DENIES the allegations in paragraph 157.

158. Interdent DENIES the allegations in paragraph 158. Plaintiff never shared any highly sensitive or personal information because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

159. Interdent DENIES the allegations in paragraph 159. Plaintiff never shared any highly sensitive or personal information because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

160. Interdent DENIES the allegations in paragraph 160.

161. Interdent DENIES the allegations in paragraph 161. Plaintiff never shared any highly sensitive or personal information because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

162. Interdent DENIES the allegations in paragraph 162. Plaintiff never shared any highly sensitive or personal information because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

163. Interdent DENIES the allegations in paragraph 163. Plaintiff never shared any highly sensitive or personal information because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

164. Interdent DENIES the allegations in paragraph 164. Plaintiff never shared any highly sensitive or personal information because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

165. Interdent DENIES the allegations in paragraph 165. Plaintiff never shared any highly sensitive or personal information because Plaintiff never made an appointment for dental services through the Website. Indeed, the facts indicate that Plaintiff called for an appointment but never made any actual appointment.

166. Interdent DENIES the allegations in paragraph 166.

167. Interdent DENIES the allegations in paragraph 167.

168. Interdent DENIES the allegations in paragraph 168.

169. Interdent DENIES the allegations in paragraph 169.

170. Interdent DENIES the allegations in paragraph 170.

171.

## PRAYER FOR RELIEF

Interdent DENIES that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

By alleging the defenses set forth below, Interdent intends no alteration of the burden of proof and/or burden of persuasion and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. As a separate affirmative defense to the Complaint, and each purported cause of action set forth therein, Interdent alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Consent)**

2. As a separate affirmative defense to the Complaint, and each purported cause of action set forth therein, Interdent alleges that Plaintiff consented to the actions alleged in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(Claims Hypothetical and Not Sufficiently Concrete)**

3. As a separate and third affirmative defense to the Complaint, and each purported cause of action set forth therein, Interdent alleges that Plaintiff fails to allege sufficient to state a claim on which relief can be granted because the causes of action in Plaintiff's Complaint are hypothetical and not sufficiently concrete.

**FOURTH AFFIRMATIVE DEFENSE**

**(Use Permitted by Law – Cal. Penal Code § 638.51(b))**

4. As a separate and fourth affirmative defense to the Complaint, and each purported cause of action set forth therein, Interdent alleges that Plaintiff's claims are barred because, assuming arguendo that Interdent constitutes a provider of electronic or wire communication

services, and that a pen register or a trap and trace device was utilized, it was for the following purposes expressly exempted by Cal. Penal Code § 638.51(b):

(1) To operate, maintain, and test a wire or electronic communication service.

(2) To protect the rights or property of the provider.

(3) To protect users of the service from abuse of service or unlawful use of service.

(4) To record the fact that a wire or electronic communication was initiated or completed to protect the provider, another provider furnishing service toward the completion of the wire communication, or a user of that service, from fraudulent, unlawful, or abusive use of service.

**FIFTH AFFIRMATIVE DEFENSE**

**(Use Permitted by Law – Cal. Penal Code § 631)**

5. As a separate and fifth affirmative defense to the Complaint, and each purported cause of action set forth therein, Interdent alleges that Plaintiff's claims are barred because, assuming arguendo that Section 631 is otherwise implicated, the activities provided by Interdent are expressly exempted by Cal. Penal Code § 631.

**SIXTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

6. As a separate and sixth affirmative defense to the Complaint, and each purported cause of action set forth therein, Interdent alleges that Plaintiff's claims are barred because all actions were taken in good faith after notice to Plaintiff and his consent.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Preemption)**

7. As a separate and seventh affirmative defense to the Complaint, and each purported cause of action set forth therein, Interdent alleges that each claim is barred, in whole or in part, because CIPA has been preempted by state and federal law.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

8. As a separate and eighth affirmative defense to the Complaint, and each purported cause of action set forth therein, Interdent alleges that Plaintiff's claims are barred because Plaintiff lacks standing.

**NINTH AFFIRMATIVE DEFENSE**

**(No Injury or Damages)**

9. As a separate and ninth affirmative defense to the Complaint, and each purported cause of action set forth therein, Interdent alleges that Plaintiff's claims are barred because Plaintiff has not suffered any injury or damage due to any acts or omissions of Interdent.

**TENTH AFFIRMATIVE DEFENSE**

**(Arbitration)**

10. As a separate and tenth affirmative defense to the Complaint, and each purported cause of action set forth therein, Interdent alleges that Plaintiff's claims are barred because they are subject to an arbitration clause contained in the Website's Terms of Use which may require some or all of the claims asserted herein to be resolved through arbitration.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

11. Interdent reserves the right to amend this Answer to assert additional affirmative defenses as their applicability is discovered.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Interdent prays as follows:

1. That Plaintiff takes nothing by way of the Complaint, and that the action be dismissed with prejudice;

2. That judgment be entered in favor of Interdent and against Plaintiff with respect to all causes of action in the Complaint;

3. That the Court deny the requested relief;

4. That the Court award Interdent's attorneys' fees and all other costs, plus interest, reasonably incurred in defense of this action; and

5. That the Court award such other relief that it deems just and proper.

Dated: January 28, 2026

LOEB & LOEB LLP

By: /s/ Christopher Ott
Christopher Ott

Attorneys for Defendant INTERDENT SERVICES CORPORATION