# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA TOMASIAN, *individually and on behalf of all other similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>INTERDENT SERVICES CORPORATION,<br><br>Defendant. | Case No. 1:25-cv-01732-KES-SAB<br><br>ORDER REQUIRING PARTIES TO SHOW CAUSE IN WRITING WHY MONETARY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO FILE JOINT SCHEDULING REPORT<br><br>**DEADLINE: MARCH 30, 2026** |

A scheduling conference is set for April 2, 2026, in this matter. (ECF No. 4.) The parties were ordered to file a joint scheduling report one full week prior to the scheduling conference. (Id. at 2.) No joint report has been filed in this action.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

The Court shall require the parties to show cause why monetary sanctions should not issue for the failure to file a joint report in compliance with order setting the mandatory scheduling conference.

1

Accordingly, IT IS HEREBY ORDERED that:

1. The parties shall show cause in writing no later than **March 30, 2026,** why monetary sanctions should not issue for the failure to file a joint scheduling report as required by the December 4, 2025 order (ECF No. 4);

2. The parties shall file a joint scheduling report no later than **March 30, 2026**; and

3. Failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **March 27, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2